UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 9:19-CV-80468-ROSENBERG/REINHART**

DAVID RAMNARINE,

   Plaintiff,

v.

ECHERD HOSPITALITY, INC.,

   Defendant.
_____/

**ORDER REQUIRING CERTIFICATE OF
COUNSEL REGARDING ANY PRIOR FILINGS
UNDER THE AMERICANS WITH DISABILITIES ACT**

Plaintiff has filed a Complaint alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.* The Court deems it advisable to require of Plaintiff's counsel a verified statement reflecting the following:

   1. Whether or not counsel has conducted a search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether or not Defendant or the property at issue has ever been sued prior to the filing of this suit, for alleged violations for the same, similar, or any, alleged violations of ADA. (If such a search was not made prior to filing suit, counsel should conduct such an examination of the records in order to be able to answer this question.)

   2. If there has been a prior suit of the nature referred to in Paragraph 1 above, counsel should state the present status of that litigation (if pending) and, if not pending, the details of the disposition (*i.e.*, settlement, dismissal, other).

3. If there was such litigation and it was disposed of by settlement, counsel is required to furnish, in response to this Order, specific details of the settlement, including any agreement for attorney's fees, costs and expenses, either known to him or ascertainable by him with reasonable inquiry. Copies of these documents should be furnished in the response that counsel will file to this inquiry.

4. If there has been a prior filing, counsel shall state whether or not Defendant (and/or property owned by Defendant and the subject-matter of this suit) has complied with any settlement in the prior litigation (or not) and if not, what remains to be done under the prior litigation.

5. Counsel shall also state what efforts were made by the Plaintiff and Defendant to enforce the terms of any settlement in any prior litigation. Namely, did the property owner make the necessary repairs to the property to bring it in compliance with the ADA, and if not, what efforts the plaintiff in the prior litigation made to seek enforcement of the settlement of that litigation (be it order of contempt or otherwise)?

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's counsel shall file with the Clerk of the Court the verified statement responding to the questions promulgated above **within two (2) weeks** of the rendition of this Order.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of April, 2019.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE